UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENSON KINNEY,

     Plaintiff,

v.                                                    Case No.   2:26-cv-101-KCD-DNF

NURSE BUSTAMANTE, et al.,

     Defendants.

                              /

**ORDER OF DISMISSAL**

Plaintiff Benson Kinney initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1.) On January 26, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed as a sanction for not truthfully disclosing his litigation history on his complaint form. (Doc. 4.) Plaintiff filed a response. (Doc. 5.) After careful consideration of the record, the Court dismisses this action as a sanction for abuse of the judicial process.

**I. Discussion**

Plaintiff's civil rights complaint form required him to disclose, among other things, "lawsuits in state or federal court otherwise relating to the conditions of [his] imprisonment." (Doc. 1 at 13.) The form then directed Plaintiff to describe each lawsuit. (*Id.* at 14.) He disclosed only three cases:   a

Middle District of Florida case against somebody named Marle, filed "sometime in 2022 or 2023"; a Northern District of Florida case against Suwannee Correctional Institution, filed in 2012; and a Middle District of Florida case against the Miramar Police Department filed in "some time in 2014." (*Id.* at 14-16.)

However, as noted in the show-cause order, "a search of the Middle District of Florida's CM/ECF system show[ed] that Kinney ha[d] filed many suits in this district alone since 2011[.]" (Doc. 4 at 1.) The Court specifically listed Middle District of Florida Case Nos. 3:12-cv-352-HES-MCR, 2:22-cv-683-SPC-KCD, 2:22-cv-684-JLB-KCD, 2:23-cv-138-SPC-KCD, and 2:23-cv-899-SPC-NPM as having been omitted from disclosure. (*Id.*) A search of Pacer.gov shows that Plaintiff also filed case number 0:15-cv-60767-WPD in the Southern District of Florida, but did not list it as a prior suit either.

In his response to the show cause order, Plaintiff asserts that he has limited access to computer resources, "which makes it very hard to research issues of this nature." (Doc. 5.) He also asserts that his son—who shares his name—has filed many federal cases, which could possibly confuse the Court.[1]

---

[1] Indeed, a different Benson Kinney has filed numerous complaints in the Middle District of Florida. However, the inmate ID associated with the cases listed in the show cause order and in this Order confirm that they were filed by Plaintiff, not his son.

Plaintiff's argument is unpersuasive, particularly since this is not the first time he has attempted to deceive the Court. In case number 2:23-cv-138-SPC-KCD, Plaintiff did not fully identify his prior litigation. There, the undersigned directed Kinney to explain why he had not honestly listed his litigation history on the complaint form. (Case No. 2:23-cv-138-SPC-KCD at docket entry 12). The order to show cause listed four cases that Plaintiff did not identify. *Id.* Less than two years after the dismissal of case number 2:23-cv-138, Plaintiff once again did not list those same clearly-identified prior cases (or case number 2:23-cv-138) on the complaint form filed in this case. In short, even if Plaintiff did not understand the complaint form in the first instance, he had the benefit of the show cause order in 2:23-cv-138 to clarify his disclosure obligation.

The Court concludes that Plaintiff, who is far from a novice *pro se* litigator, was aware of his duty to tell the Court about his prior litigation and to follow the Federal Rules of Civil Procedure, and he has not adequately justified his lack of candor. Plaintiff's failure to fully disclose his previous lawsuits constitutes an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

If misrepresentations on a complaint form are not met with consequences, the duty of candor required under Rule 11 of the Federal Rules

of Civil Procedure would be meaningless. Rule 11(b)(4) commands that "[a] sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(b)(4). Because Plaintiff is incarcerated and seeks to proceed *in forma pauperis*, he is unlikely to be able to pay a significant monetary sanction. Moreover, the actions that Plaintiff complains about in his complaint occurred in 2025. (Doc. 1 at 6.) A dismissal without prejudice will not preclude him from re-filing this case before the expiration of the statute of limitations. In sum, in the absence of any basis for excusing Plaintiff's lack of candor, his failure to disclose previous lawsuits, as clearly required on the Court's civil rights complaint form, warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted warranted sanction of dismissal of his *pro se* § 1983 action).

### Conclusion

Plaintiff did not truthfully disclose his prior cases as required by the explicit instructions on the civil rights complaint form, and he has not offered a plausible explanation for his lack of candor. An appropriate sanction for such abuse of the judicial process is the dismissal of the complaint without prejudice. Such dismissal counts as a "strike" under 28 U.S.C. § 1915(g). *See Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. 2010) (finding that the

- 5 -

district court did not err in issuing a strike where the plaintiff did not list his prior federal cases).

ACCORDINGLY, it is hereby **ORDERED:**

1.      This case is **DISMISSED without prejudice** for abuse of the judicial process.

2.      The **Clerk of Court** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**ENTERED** in Fort Myers, Florida on March 30, 2026.

Kyle C. Dudek
United States District Judge